**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BARRY L. MORRIS, | No. 09-70111 |
| Petitioner - Appellant, | Tax Ct. No. 14487-05 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Barry L. Morris, an attorney, appeals pro se from the tax court's order

denying his petition for redetermination of federal income tax deficiencies for tax

years 1999, 2000, 2001, and 2002.  We have jurisdiction under 26 U.S.C.

§ 7482(a)(1).  We review for an abuse of discretion the tax court's decisions

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

regarding the admission of evidence.  *Hudspeth v. Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990).  We affirm.

The tax court did not abuse its discretion when it declined to admit into evidence documents that Morris belatedly produced to the Commissioner, without explanation and in violation of the court's standing pretrial order, after giving Morris several extensions of time to present his case.  *See* Tax Ct. R. 131(b) (unexcused failure to comply with a standing pretrial order may subject a party to sanctions, such as those provided in Tax Ct. R. 104); Tax Ct. R. 104(c)(2) (tax court may issue an order prohibiting a party from introducing designated matters into evidence); *see also United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 n.5 (9th Cir. 1981).

Morris's remaining contentions are unpersuasive.

**AFFIRMED.**